United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10882
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

BOBBY STINNETT,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-336-6-A
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Bobby Stinnett appeals from his guilty-plea conviction for
conspiracy to manufacture and distribute methamphetamine.  He
argues that his sentence violates Blakely v. Washington, 124 S. Ct.
2531 (2004), because it was based upon facts that were not admitted
by him incident to his guilty plea.  After Stinnett filed his
appellate brief, the Supreme Court issued United States v. Booker,
125 S. Ct. 738, 755 (2005), holding that Blakely was applicable to
the federal sentencing guidelines.  Because Stinnett did not raise

--------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this issue below, it is reviewed for plain error only. United States v. Mares, 402 F.3d 511, 513 (5th Cir. 2005), petition for cert. filed, (U.S. Mar. 31, 2005) (No. 04-9517). Although Stinnett has satisfied the first two prongs of the plain-error analysis, he has failed to meet the third prong. Id. at 520-22. Accordingly, he does not warrant relief based on Booker.

Stinnett also argues that the use of hearsay evidence at sentencing violated his rights under the Confrontation Clause. "[T]here is no Confrontation Clause right at sentencing." United States v. Navarro, 169 F.3d 228, 236 (5th Cir. 1999). Accordingly, the district court's judgment is AFFIRMED.